56 F.3d 69
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Baxter FORT, Appellant.
 No. 94-3356
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 18, 1995
Filed: May 25, 1995
 
 Before McMILLIAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Baxter Fort pleaded guilty to unlawfully engaging in the business of dealing in firearms, in violation of 18 U.S.C. Sec. 922(a)(1). The district court[1] sentenced him to 42 months imprisonment and two years supervised release. Fort appeals his sentence. We affirm.
 
 
 2
 After Fort was taken into custody on the offense, he stated during an interview that he had bought over 100 firearms during the previous six months, and had sold them for profit to convicted felons, drug dealers, and gang members. At sentencing, the district court enhanced Fort's base offense level under U.S.S.G. Sec. 2K2.1(b)(1)(F) (add 6 levels if offense involved 50 or more firearms). Fort contends that the district court based this enhancement on his incriminating statements, in violation of his right against self-incrimination. He argues that, although he received a Miranda[2] warning before he made the statements, he was never specifically warned the statements could be used at sentencing to increase his base offense level. This argument fails. See United States v. Johnson, 47 F.3d 272, 277 (8th Cir. 1995) (rejecting suggestion that Miranda requires specific warning on potential sentencing consequences of waiving right to remain silent).
 
 
 3
 Fort also argues that the district court erroneously enhanced his base offense level under U.S.S.G. Sec. 2K2.1(b)(5), which provides in relevant part for a four-level increase if "the defendant ... possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." For purposes of section 2K2.1(b)(5), "felony offense" is any federal, state, or local offense "punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." U.S.S.G. Sec. 2K2.1, comment. (n.7).
 
 
 4
 At sentencing, an undercover police detective to whom Fort had sold semi-automatic pistols and ammunition testified that he told Fort he was a drug dealer and needed the weapons for protection against gang violence during the drug transactions. Fort argues the enhancement was nonetheless unwarranted, because the government failed to show that any offense to which the detective alluded was punishable by imprisonment for more than one year. We reject Fort's argument and conclude that the court properly applied the enhancement. See United States v. Cutler, 36 F.3d 406, 408 (4th Cir. 1994) (Sec. 2K2.1(b)(5) does not require defendant's knowledge of specific offense to be committed); United States v. Brewster, 1 F.3d 51, 52-54 (1st Cir. 1993) (Sec. 2K2.1(b)(5) enhancement upheld based on undercover agent's testimony that defendant sold him drugs and gun with reason to believe agent aspired to become drug dealer and needed weapon to facilitate plan).
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE GEORGE F. GUNN, JR., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Miranda v. Arizona, 384 U.S. 436 (1966)