77 F.3d 486
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Arturo GARCIA, Appellant.
 No. 94-2231.
 United States Court of Appeals, Eighth Circuit.
 Submitted Feb. 16, 1996.
Decided Feb. 27, 1996.
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 After a jury found Arturo Garcia guilty of conspiring to distribute marijuana, in violation of 21 U.S.C. § 846, the district court[1] sentenced him to 192 months imprisonment and five years supervised release. Garcia appeals his sentence, arguing that the district court's rulings on drug quantity and role in the offense are unsupported and clearly erroneous. We affirm.
 
 
 2
 The district court heard extensive testimony regarding the participation of Garcia and others in a highly-structured marijuana conspiracy in which, over the course of the conspiracy, at least 25,000 pounds of marijuana were smuggled from Mexico into the United States and distributed throughout the country. The government presented evidence that Garcia transported marijuana proceeds from sales originating out of one of the conspiracy's warehouses--a facility in southern Illinois--back to the owners of the marijuana. At sentencing, the district court concluded that 1,000 to 3,000 kilograms of marijuana should be attributed to Garcia for purposes of establishing his base offense level. See U.S.S.G. § 2D1.1(c)(4).
 
 
 3
 The district court's determination as to drug quantity is a factual finding that we review for clear error. See United States v. Flores, No. 94-2275, slip op. at 11 (8th Cir. Jan. 17, 1996). The government presented testimony linking Garcia to principals of the organization, demonstrating his knowledge that the conspiracy operated marijuana fields in Mexico, and indicating that he was assisting his "father," who was not fluent in English, in the business. Based on this and other evidence in the record, we conclude that the district court did not clearly err in finding that 1,000 to 3,000 kilograms of marijuana were reasonably foreseeable to Garcia. See id.. In doing so, we reject Garcia's argument that his conduct is like that described in several Guidelines illustrations, in which "the defendant's initial agreement to join, and subsequent involvement in, the joint criminal conduct was clearly defined from the outset as limited to the specific criminal act(s) which the defendant undertook." See Flores, slip op. at 12-13 (describing examples set forth in U.S.S.G. § 1B1.3, comment. (n. 2), illus. (c)(3), (5), and (7)).
 
 
 4
 The district court also determined Garcia should receive a three-level adjustment under U.S.S.G. § 3B1.1(b) for being a manager or supervisor of criminal activity involving five or more participants. We review for clear error the district court's factual finding as to Garcia's role in the offense. See Flores, slip op. at 16. We conclude that the district court did not clearly err, given evidence in the record demonstrating, among other things, that Garcia asserted decision-making authority with regard to the manner of transporting the drug proceeds and the method of concealing them. See U.S.S.G. § 3B1.1, comment. (n. 4) (relevant factors regarding determination as to aggravating-role enhancement); cf. United States v. Johnson, 47 F.3d 272, 277 (8th Cir.1995) (defendant can be held accountable as organizer or leader within meaning of Guidelines even if he did not directly control others in conspiracy). Accordingly, we reject Garcia's argument that the district court clearly erred in declining to assess a mitigating-role reduction. See Flores, slip op. at 18 n. 7. Likewise, we reject Garcia's argument that the court failed to make sufficient factual findings in accordance with Federal Rule of Criminal Procedure 32(c)(1). See id. at 15 (rejecting argument that district court did not comply with Rule 32(c)(1) where court explicitly rejected defendant's objection to PSR based on record and court's notes of various witnesses' trial testimony).
 
 
 5
 We have considered and reject as meritless the arguments Garcia raises in his pro se supplemental brief.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri