**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2320
_____

United States of America,    *
                            *
        Appellee,        *
                            * Appeal from the United
States
     v.                     * District Court for the
                            * District of Nebraska
Daniel G. Erlewine,      *
                            *         {UNPUBLISHED}
        Appellant.       *

_____

Submitted:    October 1, 1997
                  Filed:     October 16,
1997

_____

Before RICHARD S. ARNOLD, Chief Judge, and McMILLIAN and BEAM,
     Circuit Judges.

_____

PER CURIAM.

Daniel G. Erlewine appeals from the final judgment entered in the District Court[1] for the District of Nebraska after he pleaded guilty to conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a) and 846. The district court sentenced Erlewine to 360 months

_____

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

imprisonment and 10 years supervised release.  Erlewine challenges his sentence, and we affirm.

For reversal, Erlewine argues the district court erred in applying a four-level role-in-the-offense enhancement for being an organizer or leader of criminal activity involving five or more participants, pursuant to U.S. Sentencing Guidelines Manual § 3B1.1(a) (1995). At sentencing, Erlewine argued he was just a dealer and did not exercise control over any of his customers. A government witness, however, testified that Erlewine had received kilogram-sized quantities of cocaine, which he divided for distribution to nine different people; that Erlewine set the prices for the cocaine he supplied and expected a fifty percent profit on each kilogram he sold; and that the amount of cocaine Erlewine fronted depended on how quickly his customers returned the sales proceeds.

Based on this testimony, we conclude that the district court did not clearly err in determining Erlewine was an organizer or leader pursuant to Guidelines § 3B1.1(a). See United States v. Johnson, 47 F.3d 272, 277 (8th Cir. 1995) (standard of review; no clear error in applying Guidelines § 3B1.1(a) enhancement where defendant was, inter alia, instrumental in receiving, paying for, and organizing for distribution large quantities of cocaine); U.S. Sentencing Guidelines Manual § 3B1.1(a) application note 4 (1995) (court should consider, among other things, defendant's decision-making authority and degree of participation in planning offense, whether defendant recruited accomplices, whether defendant claimed greater profit from crime, and defendant's control and authority over others).

A true copy.

-3-

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.