# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1664

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Narciso Brito Delgado, also known as | * | District of Minnesota. |
| "Guero", | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  October 7, 1998

Filed:  November 16, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD
ARNOLD, Circuit Judges.

_____

PER CURIAM.

Narciso Brito Delgado pleaded guilty to one count of conspiracy to distribute
and to possess with intent to distribute cocaine, cocaine base, and methamphetamine,
all in violation of 21 U.S.C. § 846, and to two counts of using a telephone in
furtherance of drug trafficking, in violation of 21 U.S.C. § 843(b).  Mr. Delgado
objected to the presentence report's recommendation of a four-level enhancement for
being a leader or organizer, and to the quantity of drugs attributed to him.  After an

evidentiary hearing, the district court[1] found that Mr. Delgado was accountable for 30 pounds of methamphetamine and that the role enhancement was appropriate. The district court then sentenced Mr. Delgado to 292 months imprisonment and five years supervised release. Mr. Delgado appeals, and we affirm.

Mr. Delgado first challenges the court's finding on the role enhancement, arguing that the record lacks evidence of his control over others. We review for clear error the sentencing court's determination of a defendant's role in the offense. See United States v. Johnson, 47 F.3d 272, 277 (8th Cir. 1995). We conclude the district court did not clearly err in finding that Mr. Delgado was a leader or organizer, based on testimony indicating that there were at least five participants, and on co-defendant Rosalina Lopez's testimony (corroborated in part by co-defendant Valdemar Posadas) that she picked up, delivered, and paid for drugs at Mr. Delgado's direction, that she sent Mr. Delgado the proceeds of drug transactions, and that Mr. Delgado was "in charge" of her. See U.S. Sentencing Guidelines Manual § 3B1.1, comment. (n.4) (1997) (court should consider, among other things, defendant's decision-making authority and degree of participation in planning offense, whether defendant recruited accomplices, whether defendant claimed greater profit from crime, and defendant's control and authority over others); cf. United States v. Padilla-Pena, 129 F.3d 457, 469-70 (8th Cir. 1997) (defendant needs to have managed or supervised one or more other participants), cert. denied, 118 S. Ct. 2063 (1998); Johnson, 47 F.3d at 277 (no clear error in applying § 3B1.1(a) enhancement where defendant was, inter alia, instrumental in receiving and paying for large quantities of cocaine, and organizing drugs for redistribution).

Mr. Delgado next argues that the court's drug-quantity finding was erroneous because there was little evidence presented connecting him directly to the disputed drug quantities. We will not overturn a district court's drug-quantity determination unless

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

it is clearly erroneous. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993). We conclude that the court did not clearly err in attributing 30 pounds of methamphetamine to Mr. Delgado. In making its finding, the district court had before it Mr. Posadas's testimony that Mr. Delgado purchased 30 pounds of methamphetamine from co-defendant Eustolio Vargas, and that Mr. Delgado gave 15 pounds of it back to Mr. Posadas. The court also had the testimony of Ms. Lopez that she picked up the delivery of methamphetamine at Mr. Delgado's command and that Mr. Delgado had purchased it from Mr. Vargas. FBI Agent Andrew Mento testified, and a lab report showed, that the substance in question was methamphetamine. Although the court did not make express credibility findings, the testimony presented at the hearing did not conflict and it is apparent that the court credited the witnesses' testimony. See United States v. Moss, 138 F.3d 742, 745 (8th Cir. 1998); Adipietro, 983 F.2d at 1472 (district court's findings as to credibility of witness in making drug-quantity determination are virtually unassailable on appeal). We also conclude the court did not err in attributing the amount in question to Mr. Delgado either as an amount with which he was directly involved, or that was reasonably foreseeable to him as part of the charged conspiracy. See U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(A) & (B) (1997).

Accordingly, we affirm the judgment.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-