# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3811

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| James William Pedersen, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: September 7, 1999
Filed: September 24, 1999

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and BEAM, Circuit Judges.

_____

PER CURIAM.

James Pedersen pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846. After hearing testimony from co-conspirator Steven Levy, the district court[1] concluded that Pedersen was a manager or supervisor of criminal activity involving five or more participants, applied a three-level enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(b) (1995), and determined that Pedersen was

_____

[1]The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

ineligible for "safety valve" relief under U.S. Sentencing Guidelines Manual § 5C1.2(4) (1995). The court granted Pedersen's downward-departure motion, sentencing him to the statutory minimum of 120 months imprisonment and 5 years supervised release. On appeal, Pedersen argues that the court erroneously applied the manager/supervisor enhancement, precluding him from receiving "safety valve" relief to which he would otherwise be entitled.

Having carefully reviewed Levy's testimony, we conclude that the district court did not clearly err in determining Pedersen's role in the offense. See United States v. Johnson, 47 F.3d 272, 277 (8th Cir. 1995) (standard of review). Levy's testimony adequately supported the court's conclusion that Pedersen was a manager or supervisor. See U.S. Sentencing Guidelines Manual § 3B1.1, comment. (n.4) (factors to consider in determining management or supervision); id., comment. (n.2) (enhancement applicable to management or supervision of even one other participant); United States v. Garrison, 168 F.3d 1089, 1096 (8th Cir. 1999) (enhancement applicable to management of even single transaction; evidence that courier received instructions from defendant sufficient to support enhancement).

Having reached this conclusion, we need not consider whether the district court erred in determining that the criminal activity involved five or more participants; Pedersen was nonetheless precluded from receiving "safety valve" relief because of his role as a manager or supervisor. See U.S.S.G. § 5C1.2(4); id., comment. (n.5). As such, Pedersen's sentence would be unaffected even if he prevailed on this point, because it is the statutory minimum. See 21 U.S.C. § 841(b)(1)(A). We therefore decline to address Pedersen's challenge to the number-of-participants determination. See United States v. Darden, 70 F.3d 1507, 1548 n.17 (8th Cir. 1995) (declining to review argument which would not affect sentence), cert. denied, 517 U.S. 1149, 518 U.S. 1026 (1996).

Pedersen has also moved to supplement the record with a transcript of Levy's unconsummated negotiations to sell cocaine to an undercover police officer, arguing that this transcript impeaches Levy's credibility and supports the claim that Levy was "an independent contractor not under [Pedersen's] supervision." We deny this motion because our consideration of the transcript would not affect our disposition of this case.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.