# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2247

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Ibourema NMN Coulibaly, also known | * | |
| as "Bro," | * | [Not to be published] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 17, 2000
Filed: March 27, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Ibourema Coulibaly appeals the sentence imposed by the District Court[1] after he pleaded guilty to one count of conspiring to distribute and possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 3237, and one count of conspiring to launder money, in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (a)(1)(B)(i), and (h). He argues the District Court

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

wrongly assessed an aggravating-role enhancement on the drug count.  See U.S. Sentencing Guidelines Manual § 3B1.1(a) (1998) (4-level increase if defendant was organizer or leader of criminal activity that involved 5 or more participants or was otherwise extensive).

After reviewing the record and the parties' briefs, we conclude the District Court did not clearly err.  See U.S. Sentencing Guidelines Manual § 3B1.1, comment. (n.4) (court should consider exercise of decision-making authority, nature of participation in commission of offense, recruitment of accomplices, claimed right to larger share of fruits of crime, degree of participation in planning or organizing offense, and degree of control and authority exercised over others) & comment. (n.2) (1998) (defendant need only have organized or led one participant); United States v. Miller, 91 F.3d 1160, 1164 (8th Cir. 1996) (terms "organizer" and "leader" are to be broadly interpreted); United States v. Johnson, 47 F.3d 272, 277 (8th Cir. 1995) (standard of review); cf. United States v. Bryson, 110 F.3d 575, 586 (8th Cir.1997) (noting as factors for remand that evidence did not show appellant hired transporters or directed activity of any subordinate).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHT CIRCUIT.

-2-