# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2862

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Arturo Cervantes-Barberena, | * | Southern District of Iowa |
| | * | |
| Appellee. | * | [UNPUBLISHED] |

_____

Submitted: October 4, 2001

Filed: October 23, 2001

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Arturo Cervantes-Barberena appeals from the final judgment entered in the District Court[1] for the Southern District of Iowa upon a jury verdict finding him guilty of one count of conspiring to distribute cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C. § 846; two counts of using a communication facility to facilitate the distribution of cocaine, in violation of 21 U.S.C. § 843(b); and one count of attempting to possess cocaine with intent to distribute, in violation of 21 U.S.C.

_____

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

§ 846. The district court sentenced appellant to thirty years imprisonment and six years supervised release. For reversal, appellant argues that the district court erred in (1) determining the drug quantity for which he was responsible, (2) applying an enhancement for possessing a firearm in connection with the drug offenses, and (3) applying an enhancement for being the organizer or leader of criminal activity involving five or more participants. For the reasons discussed below, we affirm the judgment of the district court.

First, we conclude that the district court did not clearly err in determining Cervantes-Barberena's drug quantity. See United States v. Milton, 153 F.3d 891, 898 (8th Cir. 1998) (court may rely upon estimates that have sufficient accuracy, and its drug-quantity determinations are reviewed for clear error), cert. denied, 525 U.S. 1165 (1999). The court credited the testimony of the government witnesses, see United States v. Lowrimore, 923 F.2d 590, 594 (8th Cir.) (sentencing court may rely on trial testimony), cert. denied, 500 U.S. 919 (1991), and such credibility determinations are rarely disturbed on appeal, see Anderson v. City of Bessemer City, 470 U.S. 564, 575 (1985) (findings based on credibility determinations are virtually never clear error). We are unpersuaded that they should be disturbed in this case.

Second, we are satisfied that the district court did not clearly err in applying the firearm enhancement. See Brown v. United States, 169 F.3d 531, 532 (8th Cir. 1999) (standard of review; government must show weapon was present and it was not clearly improbable that weapon had nexus with criminal activity). The court again credited the testimony of the government witnesses, this time regarding an incident in which Cervantes-Barberena struck a subordinate in the face with a pistol to collect a drug debt, and threatened to shoot him if he did not pay. See United States v. Brown, 148 F.3d 1003, 1009 (8th Cir. 1998) (sufficient nexus where, inter alia, defendant once pistol-whipped subordinate), cert. denied, 525 U.S. 1169 (1999). Again, we are unpersuaded that the court's credibility determinations should be disturbed.

Finally, we conclude that the district court did not clearly err in applying the role enhancement. See United States v. Johnson, 47 F.3d 272, 277 (8th Cir. 1995) (standard of review). Based on its crediting of the government witnesses' testimony, which we will not disturb, the court found that there were at least five participants, and that Cervantes-Barberena organized or led some of them. These findings are supported by the record: Cervantes-Barberena's organizational or leadership role does not appear to be in doubt, and there was testimony suggesting as many as ten participants in the criminal activity.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.