UNITED STATES of America, Appellee,

v.

Jack L. MARVIN, Appellant.

No. 83–1291.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1983.

Decided Oct. 26, 1983.

Rehearing Denied Dec. 1, 1983.

Robert G. Ulrich, U.S. Atty., Robert E. Larsen, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Byron Neal Fox, P.C., Kansas City, Mo., and Richard W. Niederhauser, Kansas City, Kan., for appellant.

Before ARNOLD and FAGG, Circuit Judges, and DUMBAULD,* Senior District Judge.

PER CURIAM.

Jack L. Marvin was convicted by a jury of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. app. § 1202(a)(1). We will briefly detail the arguments made by Marvin on appeal and the disposition of these issues by the district court, which we affirm.

■ The firearm which is the basis for this prosecution was recovered when federal agents successfully executed a warrant authorizing a search for a pistol allegedly carried by Marvin. The warrant was issued after affidavits were sworn in person before the magistrate by two informants and a federal agent. Marvin contends that there was a lack of probable cause for the warrant because the reliability of the informants was not adequately shown and because the magistrate was not aware that the principal informant was motivated by revenge to furnish information for use against Marvin. The district court thor-

* The Honorable Edward Dumbauld, Senior United States District Judge for the Western District of Pennsylvania, sitting by designation.

oughly considered these contentions, found that there was probable cause for the search warrant, and denied a motion to suppress the pistol and statements made by Marvin as a result of the search.

■ As another ground for suppression of his statements, Marvin argues that the statements were obtained in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The first of the two statements was made during questioning which occurred in an agent's car following the search of Marvin. In response to a post-trial motion for a judgment of acquittal or a new trial, the district court reconsidered the evidence and found sufficient evidence to show that Marvin had been given the warning prescribed by *Miranda* before he made any incriminating statement. There is no serious claim that Marvin did not understand the warning. The second statement, made inside Marvin's clinic, was given spontaneously. The district court further found that Marvin was at no time denied an opportunity to call and obtain a lawyer before making a statement. The government argues that *Miranda* did not apply because Marvin was not in custody at the time the incriminating statements were made. It is unnecessary, however, to base the admissibility of the statements on this ground since the record indicates that Marvin received a *Miranda* warning before making his first statement and that *Miranda* did not apply to the second statement.

■ Marvin also contends that the district court committed error when it denied his second motion for a new trial, which was based on an allegation that the government had made unavailable a witness whom Marvin intended to call at trial. Because the motion was not made within seven days after the verdict, the district court determined whether a new trial should be granted on the exceptional ground of newly discovered evidence. *See* Fed.R.Crim.P. 33. Accordingly, Marvin argues that the government's responsibility for the witness' absence was newly discovered. Following a full evidentiary hearing, the district court held that Marvin had not met the criteria for granting a new trial based on newly discovered evidence, noting, for example, that the witness' testimony would have been irrelevant, cumulative, or merely impeaching. Marvin maintains that the testimony of the absent witness would have raised a doubt whether the government was fabricating its case against him. The district court, however, found no credible evidence showing that the government engaged in unlawful conduct unfairly to prosecute Marvin and found in addition that there was no evidence of obstruction of justice by the government.

■ Marvin's final argument is that the trial court committed error in refusing to allow cross-examination of a government witness concerning her involvement with drugs, her participation in insurance fraud, and her assertions that Marvin had made improper sexual advances toward her. The district court precluded cross-examination regarding drugs and insurance fraud after any such conduct was denied by the witness outside the hearing of the jury. *See* Fed.R. Evid. 608(b). The witness' allegations of sexual harassment by Marvin were similarly made without the jury present. It is unlikely that Marvin's defense would have been aided by his bringing evidence of his own sexual misconduct before the jury, but apparently he hoped to show by cross-examination on this topic that the witness was prejudiced against him. The district court noted that Marvin's sexual behavior was not an issue in the case and determined that evidence on this point would have diverted the jury's attention from material issues. *See* Fed.R.Evid. 403.

After careful consideration of Marvin's arguments presented on appeal, we conclude that they are without merit. We affirm.