UNITED STATES of America, Appellee,

v.

Haywood WRIGHT, Jr., Appellant.

No. 86–1202.

United States Court of Appeals,
Eighth Circuit.

Submitted June 10, 1986.

Decided Aug. 25, 1986.

Susan Felicia Spence, Asst. Federal Public Defender, Springfield, Mo., for appellant.

Gregory K. Johnson, Asst. U.S. Atty., Springfield, Mo., for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and REGAN,* Senior District Judge.

MAGILL, Circuit Judge.

Haywood Wright, Jr., appeals the district court's[1] judgment and order convicting him for possession of marijuana and sentencing him to nine months' imprisonment. For reversal, Wright argues the district court erred in refusing to admit into evidence an out-of-court statement and in considering alleged facts not in evidence at the time of sentencing. We affirm.

## I. BACKGROUND.

At the time the government brought the charges relating to this action, Wright was an inmate of the United States Medical Center for Federal Prisoners at Springfield, Missouri. On August 6, 1985, the prison authorities received a tip from another inmate, Eugene Gatewood, advising that Wright possessed marijuana. The prison authorities searched Wright, and found a double plastic bag containing marijuana in his rear pants pocket. Wright first claimed it was tobacco he had picked up off the floor in the receiving and discharge section. A subsequent strip search disclosed particles of marijuana in Wright's sock, which he admitted to carrying. Wright then offered a second explanation to the effect that he was "holding the stuff" for another inmate who had gone through the "chow line." When neither story checked out, Wright offered a third version, that he had obtained the marijuana from another inmate, George Edwards.

In November 1985, the government filed charges against Wright, alleging he knowingly and intentionally possessed marijuana, in violation of 21 U.S.C. § 844. Following a two-day trial in January 1986, the jury returned a verdict of guilty. The district court conducted a separate hearing on sentencing in February 1986, and sentenced Wright to nine months' imprisonment, a period within the maximum allowed by 18 U.S.C. § 4205 and 21 U.S.C. § 844, to be served consecutive to his current sentence. Wright subsequently brought this appeal.

## II. THE OUT-OF-COURT STATEMENT.

### A. Facts.

Wright's witnesses at trial included John Black, a fellow inmate at the Medical Cen-

---

* The HONORABLE JOHN K. REGAN, United States Senior District Judge for the Eastern District of Missouri, sitting by designation.

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

ter. When defense counsel began to ask Black about conversations he had had with informant Gatewood, the government objected that the response would be hearsay. Counsel approached the bench, and the court sustained the objection, under Fed.R. Evid. 403, holding that the prejudicial effect would far outweigh its probative value. Defense counsel explained that the purpose of the statement was to show that Wright did not know that he was holding marijuana. The court permitted defense counsel to make an offer of proof, at which time Black stated:

> [Gatewood] explained to me that he was sorry he had Haywood Wright hold some kind of content for him. He explained that someone was supposed to offer him some kind of leniency on his case so-to-speak, setting up Mr. Wright with some kind of content that he told him to hold. And he said he was sorry because they did not give him what he asked for.

Following the offer of proof, the court upheld its prior ruling to exclude the testimony as overly prejudicial under Fed.R.Evid. 403.

### B. Discussion.

Wright argues that the district court erred in excluding Black's statement as lacking sufficient probative value because it was offered to prove his lack of knowledge and intent.[2]

■ The trial court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed.R.Evid. 403. An appellant bears a heavy burden under the appellant standard of review of a trial court's evidentiary rulings. This court will reverse a trial court's decision to exclude evidence only if the trial court has clearly abused its discretion. *United States v. Michaels*, 726 F.2d 1307, 1315 (8th Cir.1984); *Federal Land Bank of St. Louis v. Wilson*, 719 F.2d 1367, 1372 (8th Cir.1983);

*United States v. Johnson*, 516 F.2d 209, 214 (8th Cir.1975).

■ The district court did not abuse its discretion in excluding Black's testimony. The statement was ambiguous in that it would have required the jury to speculate as to what type of "content" Gatewood allegedly gave Wright to hold. *See Wright v. Hartford Accident & Indemnity Co.*, 580 F.2d 809, 810 (5th Cir.1978) (excluding testimony as overly ambiguous). Moreover, the statement did not directly bear on the issue of whether Wright knew what he was holding and could have misled the jury with regard to this issue. *See United States v. Marvin*, 720 F.2d 12, 14 (8th Cir.1983) (upholding disallowance of testimony under Rule 403 because not sufficiently related to relevant issue and potentially misleading). As Gatewood was unavailable to clarify the statement, we see no abuse of discretion by the trial court.

### III. SENTENCING.

#### A. Facts.

Under 21 U.S.C. § 844, the district court had the option of placing Wright on probation or sentencing him to a term of imprisonment. At the sentencing hearing, defense counsel referred to the presentence report stating that 100% of the defendants sentenced under 21 U.S.C. § 844 in the Western District of Missouri had received probation. The government stated that none of these defendants were inmates, and that "the amount of marijuana that Mr. Wright possessed, although it may not be a serious amount on the outside * * * could literally buy life and death [inside a prison]." Defense counsel responded that there was no evidence to support the government's contention that Wright's status as an inmate should affect his sentence. The court stated, "perhaps I'm in error in letting it make a difference, but it does make a difference to me because [marijua-

---

**2.** Wright also argues that Black's statement was not hearsay or it falls under an exception to the hearsay rule. The district court did not rule on the admissibility of the statement under the hearsay rule, as it concluded that Fed.R.Evid. 403 barred admission. Because we affirm the district court's ruling, we will not address the hearsay issue.

na] creates a real problem in an institution such as federal prisons, state correction centers [sic]." The district court then sentenced Wright to a nine-month term of imprisonment, which was within the one-year statutory maximum.

### B. Discussion.

Wright asserts that the district court improperly relied on the government's statement that his crime was particularly severe because it occurred in a prison. He argues that the government's statement included unverified information which defense counsel did not have adequate opportunity to rebut.

We generally lack authority to review sentences that are within the statutory maximum. *United States v. Bangert,* 645 F.2d 1297, 1306 (8th Cir.1981), *cert. denied,* 454 U.S. 860, 102 S.Ct. 314, 70 L.Ed.2d 158 (1981). A sentencing court has discretion to conduct a broad inquiry as to the facts surrounding a particular crime or criminal defendants. *See United States v. Collins Spencer Catch the Bear,* 727 F.2d 759, 761 (8th Cir.1984). However, sentences based upon material misinformation or erroneous assumptions violate due process. *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *see also United States v. Collins Spencer Catch the Bear, supra.*

In this case, the sentence imposed was within the statutory maximum. We believe that it was within the broad discretion of the district court to consider the fact that Wright committed his crime while in prison, in addition to the other factors it considered. Indeed, the sentencing judge is required to consider all mitigating and aggravating circumstances involved. *See Williams v. Oklahoma,* 358 U.S. 576, 585, 79 S.Ct. 421, 426–27, 3 L.Ed.2d 516 (1959); *United States v. Lopez-Gonzales,* 688 F.2d 1275, 1277 (9th Cir.1982). We cannot hold that the district court's sentence was in any way based upon material misinformation or erroneous assumptions. *See generally United States v. Caspers,* 736 F.2d 1246, 1249 (8th Cir.1984) (stating that in review-ing a sentence within the statutory maximum, this court need not pass upon the validity of every assumption employed by the district court).

Accordingly, we affirm the judgment and order of the district court.