**Duane Wendall LARSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 87–5130.**

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 20, 1987.

Decided Dec. 4, 1987.

Rehearing and Rehearing En Banc Denied Jan. 29, 1988.

Duane W. Larson, pro se.

Richard Vosepka, Asst. U.S. Atty., Minneapolis, Minn., for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Duane Wendall Larson filed four motions seeking postconviction relief. He now appeals pro se from the district court's order denying his section 2255 and recusal motions and awarding only partial relief on his resentencing and expungement motions. We affirm.

In 1984, Larson received a ten-year prison sentence for possession of cocaine with intent to distribute. The following year, the government filed an indictment charging Larson with three counts of income tax evasion and two counts of making false statements relating to currency transactions. Acting on its own motion and over Larson's objection, the district court severed the currency transaction counts and scheduled them for trial. Following a bench trial, the district court found Larson guilty of both currency transaction charges and sentenced him to consecutive five-year prison terms to be served after he completed his cocaine-related sentence. Larson then entered a guilty plea to one of the three tax evasion counts and received a $10,000 fine and a five-year prison term to be served concurrently with his currency transaction sentences. The government dismissed the remaining tax evasion counts.

In 1986, this court reversed Larson's currency transaction convictions on constitutional grounds. *See United States v. Larson*, 796 F.2d 244, 247 (8th Cir.1986). Larson then filed these postconviction motions all of which relate to the sentence he received for tax evasion.

## 28 U.S.C. § 2255 MOTION

■ Larson's section 2255 habeas motion contains a number of constitutional challenges. The first claim is that the severance of the two currency transaction charges from the tax evasion counts violates the double jeopardy clause. The double jeopardy clause, however, only applies when the offenses charged are the same in law or in fact. *See United States v. Green*, 600 F.2d 154, 159 (8th Cir.1979). The tax evasion counts against Larson were for the tax years 1978, 1979, and 1980, while his currency transaction offenses occurred in 1982. Thus, Larson's double jeopardy claim is without merit.

■ A second claim in Larson's section 2255 motion is that the court's severance violates a due process right to have a single trial on all five charges. Larson cites no authority in support of this claim and we conclude it is also without merit. Absent clear prejudice and abuse of discretion, this court will rarely disturb the district court's decision on whether severance is appropriate. *See United States v. Ferguson*, 776 F.2d 217, 224 (8th Cir.1985), *cert. denied*, 475 U.S. 1020, 106 S.Ct. 1207, 89 L.Ed.2d 320 (1986); *United States v. King*, 567 F.2d 785, 788 (8th Cir.1977), *cert. denied*, 435 U.S. 945, 98 S.Ct. 1527, 55 L.Ed.2d 542 (1978); Fed.R.Crim.P. 14. Larson claims no prejudice other than the denial of a right to a single trial on all five counts. We note the district court stated it severed the charges against Larson to prevent the "[p]otential prejudice [that] arises in a case involving complex and confusing issues, such as the instant case." In these circumstances we find the district court did not abuse its discretion in severing the currency transaction charges from the other counts.

■ Finally, Larson's section 2255 motion claims the court's severance of the currency transaction counts violated his due process rights because by doing so the court (1) punished him for his original refusal to plead guilty; and (2) became improperly involved in Larson's plea negotiations with the government. The record, however, contains no support for either of these claims and we reject them. We have reviewed all of the other claims in Larson's section 2255 motion and find them to be without merit. Thus, the district court correctly denied Larson's section 2255 motion in its entirety.

## MOTION FOR RESENTENCING

Larson seeks resentencing for his tax evasion conviction primarily on two grounds: (1) the court violated rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure in the sentencing hearing; and

(2) the presentence investigation report (PSI) contained references to the two currency transaction convictions overturned on appeal.

■ There is merit in the first of Larson's claims to the extent the sentencing court failed to create a proper record regarding objections Larson and his attorney made to portions of Larson's PSI. *See* Fed.R.Crim.P. 32(c)(3)(D). A defendant, however, has no right to be resentenced when the district court expressly states it did not rely on the challenged information in sentencing. *United States v. Fahnbulleh,* 796 F.2d 239, 240 (8th Cir.1986) (per curiam). In reviewing Larson's present motion, the sentencing court stated: "The controverted matters were not considered in sentencing, and a written record of that determination shall be attached to the PSI as required by Rule 32(c)(3)(D)." Once the court's direction is carried out and the written record becomes part of Larson's PSI—including those copies maintained by the Bureau of Prisons or the United States Parole Commission—rule 32 is satisfied. *See Poor Thunder v. United States,* 810 F.2d 817, 826 (8th Cir.1987). Larson is entitled to no additional relief in this regard.

■ This same PSI contains references to Larson's currency transaction convictions later reversed by this court. Larson's claim that our reversal now entitles him to resentencing, however, is without merit. District courts have broad discretion in the information they consider at sentencing hearings, and courts of appeals are generally without authority to review sentences falling within statutory maximums. *United States v. Wright,* 799 F.2d 423, 426 (8th Cir.1986). Sentences based on material misinformation or erroneous assumptions violate due process. *Id.* Larson, however, does not show the district court relied on the currency transaction convictions in sentencing him. The district court stated it considered "the aggravating circumstance of [Larson's] cocaine record" to determine his sentence. For these reasons we do not find the district court abused its discretion in imposing the maximum sentence for tax evasion on Larson. The district court properly dismissed all the remaining claims contained in Larson's motion for resentencing.

## MOTION TO EXPUNGE

■ Larson contends all references to the reversed currency transaction convictions should now be expunged from any records that will be used in the future to determine his eligibility for parole. The district court did not order expungement but did direct the government to attach a notation to Larson's PSI that the currency transaction convictions were reversed. We agree with the district court that once this is done Larson cannot show he is prejudiced or will be harmed by the presence of the currency transaction convictions in his records. The Parole Commission excludes any conviction reversed on constitutional grounds when it computes a prisoner's salient factor score. 28 C.F.R. § 2.20 (1986). Accordingly, we find the district court has awarded Larson all of the relief to which he is entitled.

## MOTION TO RECUSE

■ The recusal motion Larson filed under 28 U.S.C. §§ 144 and 455 claims the district court showed pervasive personal bias and prejudice toward him during the currency transaction proceedings. Decisions on recusal or disqualification motions are committed to the district court's sound discretion. *Gilbert v. City of Little Rock,* 722 F.2d 1390, 1399 (8th Cir.1983), *cert. denied,* 466 U.S. 972, 104 S.Ct. 2347, 80 L.Ed.2d 820 (1984). After reviewing the record, we conclude the district court did not abuse its discretion in denying Larson's motion.

## CONCLUSION

In summary, we affirm the district court's denial of Larson's section 2255 and recusal motions as well as its granting of partial relief on his resentencing and expungement motions. We also affirm the court's orders directing the PSI prepared for Larson's tax evasion conviction to be amended to reflect: (1) the sentencing court did not rely on the portions to which

Larson and his attorney objected; and (2) the currency transaction convictions referred to in the PSI were reversed.