UNITED STATES of America, Appellee,

v.

Michael J. CARR, Appellant.

No. 95–1953.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 13, 1995.

Decided Oct. 4, 1995.

Jeffrey P. Ray, Kansas City, MO, for appellant.

Lajuana M. Counts, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before MAGILL, FLOYD R. GIBSON, and HENLEY, Circuit Judges.

PER CURIAM.

Michael J. Carr appeals the district court[1] sentence imposed after his supervised release revocation hearing. Carr contends that the district court erred in setting his sentence by failing to follow the sentence range set out in Chapter 7 of the United States Sentencing Guidelines Manual (Sentencing Guidelines) and by considering unproven allegations of repeated drug use in violation of his due process rights. We find Carr's contentions meritless and affirm the district court.

On November 25, 1994, Carr began a thirty-six-month period of supervised release following a fifteen-month prison term for uttering counterfeit obligations in violation of 18 U.S.C. § 472. His release was subject to numerous conditions, including submitting to drug tests and refraining from drug use. As a special condition of his supervised release, the district court also required Carr to participate in a drug abuse treatment and testing program designated by the United States Probation Office.

Initially, Carr enrolled in an outpatient drug counselling program. He was not in this program long, however. By January 10, 1995, Carr was administratively discharged after testing positive for cocaine on several urinalyses and failing to submit a urine sample on one occasion. In response to the parole officer's violation report documenting Carr's troubles, the district court ordered Carr to complete an inpatient substance abuse treatment program.

On January 11, 1995, Carr entered a thirty-day inpatient treatment program. Things did not fare better for Carr in an inpatient setting. In one incident he submitted a positive urinalysis sample for marijuana and in another he failed to provide a urine sample for testing. Finally, on February 3, he quit the inpatient program without permission. This resulted in the filing of a second violation report.

Upon the order of the district court, Carr was arrested for violating the terms of his supervised release. At the supervised release revocation hearing, three categories of violations were presented to the district court: use of cocaine and marijuana, failure to complete an inpatient substance abuse program, and failure to submit to urinalyses. Carr pleaded guilty to leaving his inpatient substance abuse program. Revocation Hr'g Tr. at 4. The district court dismissed the other charged violations. In accordance with 18 U.S.C. § 3583(e)(3), the district court sentenced Carr to twenty-four months imprisonment. *Id.* at 15.

Carr appeals, alleging two separate sentencing errors. First, he argues that 18 U.S.C. § 3583(e)(3) is inapplicable in this instance. Second, he claims that his sentence was imposed in violation of due process requirements. These issues are considered in turn.

Under § 3583(e)(3), the court may, upon a finding by the preponderance of the evidence that the person violated a condition of supervised release, revoke the term of supervised release and require the person to serve all or part of the term of supervised release in prison. 18 U.S.C. § 3583(e)(3) (1988 & Supp. 1993). With respect to Carr, whose conviction for uttering counterfeit obligations constitutes a Class C felony, § 3583(e)(3) limits the sentence to a maximum of two years.

Carr maintains, however, that Chapter 7 of the Sentencing Guidelines narrows the appli-

---

**1.** The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

cability of § 3583(e)(3). Section 7B1.4 of the Sentencing Guidelines sets out a schedule indicating appropriate prison terms following revocation of supervised release. U.S.S.G. § 7B1.4 (West 1995). Given his criminal history category and grade of violation, the suggested range for Carr is seven to thirteen months. Carr asserts that a thirteen-month sentence should be the maximum penalty for which he is eligible.

The analysis of this purported error hinges on a point of statutory interpretation, which is a question of law. As such, we review the district court decision de novo, *United States v. Hensley*, 36 F.3d 39, 41 (8th Cir.1994) (district court's application of the sentencing guidelines and relevant statutes is reviewed de novo).

■ Carr's argument runs counter to the well-established law of this circuit. In *United States v. Levi*, we held that Chapter 7 of the Sentencing Guidelines serves a nonbinding, advisory role. 2 F.3d 842, 845 (8th Cir.1993); *see also Hensley*, 36 F.3d at 41–42 (reiterating the holding in *Levi* and emphasizing the nonbinding nature of §§ 7B1.3 and 7B1.4). The district court is free to depart from Chapter 7's suggested sentences when, in its considered discretion, such a departure is warranted. *United States v. Jones*, 973 F.2d 605, 607 (8th Cir.1992).

■ Carr admitted to violating the terms of his supervised release by leaving his drug treatment program without permission. For this violation, he is properly eligible, under § 3583(e)(3), for the statutory maximum twenty-four-month prison sentence which the court ordered. Carr asks that this Court change its position on the interplay between § 3583(e)(3) and Chapter 7 of the Sentencing Guidelines and reduce his sentence. He has offered no compelling rationale for doing so and we stand by the decision in *Levi*.

Carr also challenges the validity of his sentence on due process grounds. He claims that the district court violated due process requirements by basing his sentence, in part, on unsubstantiated allegations of drug use during supervised release. According to Carr, the court did so notwithstanding the fact that it dismissed allegations that he failed several drug tests and adduced no evidence on the matter. Therefore, he argues, the court acted in violation of his Fifth Amendment rights.

■ The dismissal of drug use allegations against Carr does not preclude the district court from considering this information when sentencing. The court is free to consider a wide variety of information in setting sentences. *United States v. Wright*, 799 F.2d 423, 426 (8th Cir.1986). It may impose imprisonment following revocation of supervised release upon consideration of the nature and circumstances of the offense and the defendant's history and characteristics. 18 U.S.C. § 3553(a) (1988); 18 U.S.C. § 3661 (1988 & Supp.1993).

■ The district court does not have unfettered discretion in its sentencing calculus, however. The constitutional protection of due process operates to circumscribe the information the court can consider. *See Wright*, 799 F.2d at 426 (citing *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), and *United States v. Collins Spencer Catch the Bear*, 727 F.2d 759, 761 (8th Cir.1984)). A due process violation is established only if the defendant shows that the district court relied on materially false information and that the information is demonstrably the basis for the challenged sentence. *Wright*, 799 F.2d at 426. *See also United States v. Perez*, 858 F.2d 1272, 1275 (7th Cir.1988) (citing *United States v. Ibarra*, 737 F.2d 825 (9th Cir.1984)). In reviewing district court sentences below the statutory maximum, we apply an abuse of discretion standard. *United States v. Graves*, 914 F.2d 159, 161 (8th Cir.1990) (per curiam).

In this instance, the asserted due process violation lacks factual support. An examination of Carr's brief and the hearing record does not reveal any grounds for reversal. The information concerning Carr's drug use is neither manifestly false nor the demonstrable basis for the district court's sentence.

■ In the course of the revocation hearing, both Carr and his counsel indicated that Carr had taken drugs during the release period. Revocation Hr'g Tr. at 10, 14. While the court did not intensely question

Carr or other witnesses on his drug use, such questioning is not required. The court had credible information on Carr's drug use which could be considered in sentencing. We cannot say that relying on such information amounts to a due process violation.

 In addition, the drug use information is not the demonstrable basis for Carr's sentence. As the hearing record makes clear, the district court sentenced Carr on the basis of his inability to follow the terms of his supervised release. The revocation hearing occurred as a result of Carr's second violation report filed with the court. At the hearing, Carr admitted that he walked away from his drug treatment program without permission, in violation of his release conditions. This is the valid and adequate basis for his sentence. While the court clearly advised Carr that drugs were the root of his problems, the record does not establish that the drug information was a demonstrable basis for his sentence.

The district court, within the proper bounds of its discretion, imposed a twenty-four-month prison sentence for Carr's violation of a supervised release condition. Carr's arguments to the contrary are not persuasive. This sentence is affirmed.