_____

No. 95-2663
_____

United States of America,           *
                                     *
      Plaintiff - Appellee,          *
                                     *   Appeal from the United States
      v.                             *   District Court for the
                                     *   District of Minnesota.
Jimmy Calvin Caves,                  *
                                     *        [PUBLISHED]
      Defendant - Appellant.         *
                              _____

                   Submitted:  December 12, 1995

                     Filed:  January 16, 1996
                              _____

Before BOWMAN and LOKEN, Circuit Judges, and SCHWARZER,[*] District
      Judge.
                              _____

PER CURIAM.


      In May 1992, Jimmy Calvin Caves completed a federal prison
term and commenced a five-year term of supervised release imposed
by the District of Minnesota.  In December 1994, Caves pleaded
guilty to distributing marijuana in the Eastern District of
Oklahoma and was sentenced to 108 months in prison.  The government
then commenced this supervised release revocation proceeding in the
District of Minnesota.  At the revocation hearing, Caves admitted
that his Oklahoma drug conviction violated a supervised release

_____

      *The  HONORABLE  WILLIAM  W.  SCHWARZER,  United  States
District Judge for the Northern District of California,
sitting by designation.

condition.  The district court[1] revoked Caves's supervised release and sentenced him to twelve months in prison, to be served consecutively to his Oklahoma sentence.  Caves appeals that sentence.

Chapter 7 of the Sentencing Guidelines sets forth policy statements for dealing with violations of supervised release.  The policy statements provide that Caves's drug offense was a Grade A violation, U.S.S.G. § 7B1.1(a)(1)(ii), for which the court "shall revoke" supervised release, § 7B1.3(a)(1).  In this case, Caves and the government agreed on a revocation sentencing range of twelve to eighteen months, the minimum prescribed by § 7B1.4(a).  Regarding the issue of consecutive sentencing, § 7B1.3(f) provides:

> Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence . . . being served resulted from the conduct that is the basis of the revocation . . . .

Unlike other Guidelines policy statements, Chapter 7 policy statements are advisory, rather than binding, upon the district court.  See United States v. Levi, 2 F.3d 842, 845 (8th Cir. 1993).  In this case, Caves urged the district court to exercise its sentencing discretion and impose a concurrent revocation sentence because Caves's original offense conduct and his violation of supervised release had already resulted in an increased prison term being imposed by the Eastern District of Oklahoma.  After hearing argument on this issue, the district court imposed the twelve month consecutive sentence without further explanation.

On appeal, Caves argues that we must reverse because the district court (i) did not state on the record that it had

---

[1]The HONORABLE MICHAEL J. DAVIS, United States District Judge for the District of Minnesota.

considered the sentencing factors specified in 18 U.S.C. § 3583(e), and (ii) did not explain the reasons for the sentence it imposed. We disagree.  The court imposed the minimum sentence in the range to which the parties had agreed.  It followed an explicit policy statement in making that sentence consecutive.  Caves cites no case requiring a sentencing court to explain a revocation sentence that is consistent with all applicable policy statements, as well as an agreement of the parties.  We decline Caves's invitation to assume that the district court did not consider the basic statutory sentencing factors enumerated in 18 U.S.C. § 3583(e).  We also reject as without merit his contention that the district court abused its discretion by imposing a twelve-month consecutive sentence for this very serious violation of the conditions of Caves's supervised release.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.