_____

No. 96-1005
_____

United States of America,       *
                          *
      Appellee,        *
                          *
   v.                  *  Appeal from the United States
                          *  District Court for the
Lewis Coker, also known as David *  Western District of Missouri.
L. Coker, also known as Bucky    *
Coker, also known as Louis Coker,*  [UNPUBLISHED]
                          *
      Appellant.       *

_____

Submitted:  April 29, 1996

Filed:  May 3, 1996
_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


Following his incarceration on a drug charge, Lewis Coker commenced his term of supervised release; one of the conditions prohibited him from excessive use of alcohol, and another required him to notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. During his release term, Coker was twice arrested for driving while intoxicated; Coker failed to notify his probation officer about his second arrest. The government moved to revoke Coker's supervised release. After a hearing, at which Coker admitted to violating his supervised release conditions, the district court[1] revoked Coker's supervised release, and sentenced him to 12 months imprisonment and

_____

[1]The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

one year of supervised release.  On appeal, Coker argues the district court failed to consider and explicitly state its reason for not permitting him to participate in a substance abuse treatment program as an alternative to incarceration.  We affirm.

A review of the record shows that the district court revoked Coker's supervised release and sentenced him to imprisonment because Coker posed a threat to the public, thus rejecting Coker's plea for treatment as an alternative to incarceration.  As Coker was sentenced within the applicable Guidelines sentencing range, the district court was not required to explicitly state the reason for the sentence imposed.  See United States v. Caves, 73 F.3d 823, 825 (8th Cir. 1996) (per curiam).  Accordingly, we conclude the district court did not abuse its discretion by sentencing Coker to 12 months imprisonment.  See United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (standard of review).

Finally, as Coker's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), we have reviewed the record from the revocation hearing and find no nonfrivolous issues.  See Penson v. Ohio, 488 U.S. 75, 80 (1988).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.