89 F.3d 841
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Lewis COKER, also known as David L. Coker, also known as
Bucky Coker, also known as Louis Coker, Appellant.
 No. 96-1005.
 United States Court of Appeals, Eighth Circuit.
 Submitted April 29, 1996.
Decided May 3, 1996.
 
 Appeal from the United States District Court for the Western District of Missouri.
 Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
 W.D.Mo.
 AFFIRMED.
 PER CURIAM.
 
 
 1
 Following his incarceration on a drug charge, Lewis Coker commenced his term of supervised release; one of the conditions prohibited him from excessive use of alcohol, and another required him to notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. During his release term, Coker was twice arrested for driving while intoxicated; Coker failed to notify his probation officer about his second arrest. The government moved to revoke Coker's supervised release. After a hearing, at which Coker admitted to violating his supervised release conditions, the district court[1] revoked Coker's supervised release, and sentenced him to 12 months imprisonment and one year of supervised release. On appeal, Coker argues the district court failed to consider and explicitly state its reason for not permitting him to participate in a substance abuse treatment program as an alternative to incarceration. We affirm.
 
 
 2
 A review of the record shows that the district court revoked Coker's supervised release and sentenced him to imprisonment because Coker posed a threat to the public, thus rejecting Coker's plea for treatment as an alternative to incarceration. As Coker was sentenced within the applicable Guidelines sentencing range, the district court was not required to explicitly state the reason for the sentence imposed. See United States v. Caves, 73 F.3d 823, 825 (8th Cir.1996) (per curiam). Accordingly, we conclude the district court did not abuse its discretion by sentencing Coker to 12 months imprisonment. See United States v. Carr, 66 F.3d 981, 983 (8th Cir.1995) (standard of review).
 
 
 3
 Finally, as Coker's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), we have reviewed the record from the revocation hearing and find no nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80 (1988).
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri