No. 96-1491SD
No. 96-1922SD

United States of America,           *
                                    *
              Appellee,             *    Appeal from the United States
                                    *    District Court for the District
     v.                             *    of South Dakota.
                                    *
Fabian Comes Flying,                *           [UNPUBLISHED]
                                    *
              Appellant.            *

                    Submitted:  November 19, 1996

                      Filed:  November 27, 1996

Before FAGG and HANSEN, Circuit Judges, and MAGNUSON,* District
     Judge.

PER CURIAM.

     While on supervised release for an earlier crime, Fabian Comes Flying
was charged with assault resulting in serious bodily injury for striking
his girlfriend and breaking her jaw.  At trial, Comes Flying contended he
only slapped his girlfriend two or three times.  Dr. Balaban, the woman's
treating physician, testified her injury was more consistent with being
struck with a two-by-four than an open palm.  Comes Flying was convicted
and sentenced to eighty-four months' confinement.  In a separate
proceeding, the district court sentenced Comes Flying to an additional
eighteen months for violating the conditions of his supervised release.
Comes Flying appeals his conviction and sentences, and we affirm.

---

     *The Honorable Paul A. Magnuson, United States District
Judge for the District of Minnesota, sitting by designation.

Attacking his conviction, Comes Flying contends the district court improperly admitted Dr. Balaban's "two-by-four" statement. See United States v. Sparks, 949 F.2d 1023, 1026 (8th Cir. 1991) (standard of review). We reject Comes Flying's argument that Dr. Balaban, a specialist in oral and maxillofacial surgery who has treated thousands of jaw injuries, was not qualified to give the challenged testimony. The doctor's remark was rightly admitted because it helped the jury understand what kind of force it took to crush Comes Flying's girlfriend's jaw. See Fed. R. Evid. 702; United States v. Whitted, 11 F.3d 782, 785 (8th Cir. 1993) (expert opinion testimony admissible if it would help jury understand the evidence or decide a fact in issue).

Next, Comes Flying challenges the district court's decision not to depart downward from the minimum eighty-four month sentence prescribed by the Sentencing Guidelines. Because the district court was aware it could have departed, we lack authority to review the district court's decision. See United States v. Knight, 96 F.3d 307, 311 (8th Cir. 1996).

Finally, we reject Comes Flying's contention the district court abused its discretion when it sentenced Comes Flying for violating the conditions of his supervised release. See United States v. Caves, 73 F.3d 823, 824-25 (8th Cir. 1996) (per curiam). Comes Flying acknowledges the district court correctly applied the relevant policy statements from Chapter 7 of the Sentencing Guidelines. Additionally, in sentencing Comes Flying, the district court properly took into account the nature of Comes Flying's offense and the need to deter criminal conduct. See 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B) (1994). Unlike Comes Flying, we decline to assume the district court considered any sentencing factor other than those enumerated in 18 U.S.C. § 3583(e). See Caves, 73 F.3d at 825.

We affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.