103 F.3d 135
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
FABIAN COMES FLYING, Appellant.
 Nos. 96-1491, 96-1922.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 19, 1996.
Decided Nov. 27, 1996.
 
 Before FAGG and HANSEN, Circuit Judges, and MAGNUSON,* District Judge.
 PER CURIAM.
 
 
 1
 While on supervised release for an earlier crime, Fabian Comes Flying was charged with assault resulting in serious bodily injury for striking his girlfriend and breaking her jaw. At trial, Comes Flying contended he only slapped his girlfriend two or three times. Dr. Balaban, the woman's treating physician, testified her injury was more consistent with being struck with a two-by-four than an open palm. Comes Flying was convicted and sentenced to eighty-four months' confinement. In a separate proceeding, the district court sentenced Comes Flying to an additional eighteen months for violating the conditions of his supervised release. Comes Flying appeals his conviction and sentences, and we affirm.
 
 
 2
 Attacking his conviction, Comes Flying contends the district court improperly admitted Dr. Balaban's "two-by-four" statement. See United States v. Sparks, 949 F.2d 1023, 1026 (8th Cir.1991) (standard of review). We reject Comes Flying's argument that Dr. Balaban, a specialist in oral and maxillofacial surgery who has treated thousands of jaw injuries, was not qualified to give the challenged testimony. The doctor's remark was rightly admitted because it helped the jury understand what kind of force it took to crush Comes Flying's girlfriend's jaw. See Fed.R.Evid. 702; United States v. Whitted, 11 F.3d 782, 785 (8th Cir.1993) (expert opinion testimony admissible if it would help jury understand the evidence or decide a fact in issue).
 
 
 3
 Next, Comes Flying challenges the district court's decision not to depart downward from the minimum eighty-four month sentence prescribed by the Sentencing Guidelines. Because the district court was aware it could have departed, we lack authority to review the district court's decision. See United States v. Knight, 96 F.3d 307, 311 (8th Cir.1996).
 
 
 4
 Finally, we reject Comes Flying's contention the district court abused its discretion when it sentenced Comes Flying for violating the conditions of his supervised release. See United States v. Caves, 73 F.3d 823, 824-25 (8th Cir.1996) (per curiam). Comes Flying acknowledges the district court correctly applied the relevant policy statements from Chapter 7 of the Sentencing Guidelines. Additionally, in sentencing Comes Flying, the district court properly took into account the nature of Comes Flying's offense and the need to deter criminal conduct. See 18 U.S.C. §§ 3583(e), 3553(a)(1), (a)(2)(B) (1994). Unlike Comes Flying, we decline to assume the district court considered any sentencing factor other than those enumerated in 18 U.S.C. § 3583(e). See Caves, 73 F.3d at 825.
 
 
 5
 We affirm the judgment of the district court.
 
 
 
 *
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation