**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1380
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Reginald Daval Johnson, | * | |
| | * | **[UNPUBLISHED]** |
| Appellant. | * | |

_____

Submitted: August 19, 1997
Filed: August 25, 1997
_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.
_____

PER CURIAM.

In 1991, the district court[1] sentenced Reginald Daval Johnson to 51 months imprisonment and 3 years supervised release following his guilty plea to robbing a credit union, in violation of 18 U.S.C. § 2113(a). In 1995, the court revoked Johnson's supervised release after he violated his supervised-release conditions, and imposed 9 months imprisonment and additional supervised release. In 1997, while Johnson was serving the supervised-release portion of his revocation sentence, the district court

---

[1]The HONORABLE DAVID S. DOTY, United States District Judge for the District of Minnesota.

again found that he had violated his supervised release. The court once again revoked supervised release, this time sentencing Johnson to 12 months and 7 days imprisonment. On appeal, Johnson challenges the length of his revocation sentence. We reject his challenge and affirm.

The district court found that Johnson had violated the conditions of his supervised release both by testing positive for cocaine use and by failing to report for his daily outpatient drug treatment. Although the court determined the sentencing range according to the revocation table was 3 to 9 months imprisonment, see U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (1995), the court concluded a higher sentence was appropriate to give Johnson a meaningful opportunity to receive drug treatment in prison for his longstanding cocaine addiction.

Johnson's sentence does not exceed the maximum authorized under the revocation statute, see 18 U.S.C. § 3583(e)(3); United States v. St. John, 92 F.3d 761, 766 (8th Cir. 1996), and the district court was otherwise free to depart from the recommended Guidelines range in section 7B1.4, see United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam) (Chapter 7 Guidelines are advisory and non-binding; district court can depart from revocation imprisonment range when, in its considered discretion, such departure is warranted). Given the court's desire to afford Johnson a serious opportunity for drug treatment, we cannot say the court abused its discretion in imposing the revocation sentence it did. See 18 U.S.C. § 3583(e) (requiring consideration of factors set forth in, inter alia, 18 U.S.C. § 3553(a)(2)(D)); 18 U.S.C. § 3553(a)(2)(D) (need to provide defendant with necessary medical care or other correctional treatment in most effective manner is factor for consideration); United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (standard of review).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.