**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2305

_____

United States of America,           *
                                       *

          Appellee,           *

                                       *  Appeal from the United States

         v.                  *  District Court for the

                                       *  District of Nebraska.

Sergio Hernandez,              *

                                     *       [UNPUBLISHED]

         Appellant.         *

_____

Submitted:  October 28, 1997
Filed:  October 30, 1997

_____

Before FAGG, BOWMAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

After completing an 18-month prison term for a drug-distribution charge to which he had pleaded guilty, Sergio Hernandez was deported to Mexico. During the three-year supervised release portion of his drug sentence, Hernandez returned to the United States where he was arrested for assault and firearm charges. Based upon these events, Hernandez's probation officer petitioned the District Court[1] to revoke Hernandez's supervised release. Following Hernandez's guilty plea to a separate charge of illegal

_____

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

re-entry, in violation of 8 U.S.C. § 1326(a) (1994), and his admission that the re-entry violated his supervised release, the Court revoked Hernandez's supervised release and sentenced him to two years imprisonment. Hernandez appeals, arguing that the District Court erred in sentencing him in excess of the Guidelines revocation imprisonment range. We disagree, and affirm Hernandez's revocation sentence.

When a district court finds that a defendant has violated a condition of his supervised release, the court may revoke supervised release, "and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3) (1994). Upon our careful review of the record, we conclude the District Court did not abuse its discretion in departing from the Guidelines range suggested under U.S. Sentencing Guidelines Manual § 7B1.4, p.s. (1995) (range of imprisonment available upon revocation). See United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam) (Chapter 7 Guidelines are advisory and non-binding; District Court may depart from revocation imprisonment range when, in its considered discretion, such departure is warranted); United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (revocation sentence reviewed for abuse of discretion). Hernandez's revocation prison sentence did not exceed the maximum prison term authorized under section 3583(e)(3), the District Court specifically stated it had considered the factors set forth in 18 U.S.C. §§ 3553 and 3583 (1994), and the Court's stated reasons for imposing the two-year term reflect consideration of those factors.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.