**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**
No. 97-2275

United States of America,        *
                                 *
            Appellee,            *
                                 * Appeal from the United States
      v.                         * District Court for the
                                 * District of Nebraska
Robert Lee Gascoigne,            *
                                 *     [UNPUBLISHED]
            Appellant.           *

_____

Submitted:  March 13, 1998
    Filed:   March 20, 1998

_____

Before McMILLIAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Robert Lee Gascoigne appeals from the final judgment entered in the District Court[1] for the District of Nebraska upon the revocation of Gascoigne's supervised release. The district court sentenced Gascoigne to two years imprisonment followed by approximately twenty months supervised release. For reversal, Gascoigne argues that his revocation sentence is plainly unreasonable under Chapter 7 of the Guidelines and 18 U.S.C. §§ 3583(e) and 3553(a). He also argues that the district court erred in

_____

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

substantially departing from the recommended Guidelines range. For the reasons discussed below, we affirm the judgment of the district court.

In 1995, Robert Lee Gascoigne was sentenced to eight months imprisonment and five years supervised release after he pleaded guilty to conspiring to possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(vii), and § 846. After his release from prison, Gascoigne admitted using marijuana in 1996 and 1997. The district court found that Gascoigne had violated his supervised release term prohibiting the use of controlled substances, revoked Gascoigne's supervised release, and calculated a Guidelines revocation imprisonment range of four to ten months. The district court then imposed a sentence outside of the recommended Guidelines range, stating that the sentence was necessary because, among other things, Gascoigne was in need of long-term intensive treatment for drug abuse.

When a district court finds that a defendant has violated a condition of supervised release, the district court may revoke supervised release "and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision." 18 U.S.C. § 3583(e)(3). We conclude that the district court did not abuse its discretion in departing from the suggested Guidelines range. See United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (standard of review); see also United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam) (Chapter 7 Guidelines are advisory and non-binding; district court may depart from revocation imprisonment range when, in its discretion, such departure is warranted). The revocation sentence imposed by the district court is within both the five-year maximum authorized by 18 U.S.C. § 3583(e) and the original five-year term of supervised release, see id. § 3583(e)(3) (imprisonment term cannot be more than five years if underlying offense was Class A felony); United States v. St. John, 92 F.3d 761, 766 (8th Cir. 1996) (maximum time defendant's freedom can be restrained upon

revocation of supervised release is capped to term of supervised release imposed in original sentence), and the district court's stated reasons for imposing a term outside the recommended Guidelines range reflect the considerations set forth in 18 U.S.C. § 3553. See 18 U.S.C. § 3583(e) (before revoking supervised release and imposing revocation sentence, court must consider certain factors set forth in § 3553); id. § 3553(a) (considerations in imposing sentence).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.