# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1501

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Michael Laverne Mitchell, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  March 3, 1999

Filed:  March 9, 1999

_____

Before RICHARD S. ARNOLD, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

After Michael Laverne Mitchell pleaded guilty in the United States District Court[1] for the District of Colorado to aiding and abetting the theft of government property valued in excess of $100, in violation of 18 U.S.C. §§ 641 and 2, the court sentenced him to three years' probation.  Following the transfer of jurisdiction of Mitchell's probation, he was charged with first degree sexual assault; the district

_____

[1]The Honorable Sherman G. Finesilver, United States District Judge for the District of Colorado, now retired.

court[2] revoked Mitchell's probation and sentenced him to seven months' imprisonment and three years' supervised release. Mitchell's period of supervised release commenced in June 1994. In January 1998, the district court revoked Mitchell's supervised release based on Mitchell's admissions to several 1995 violations of his supervised-release conditions--including leaving his known address without notifying his probation officer. Despite the 3-to-9-month imprisonment range suggested under U.S. Sentencing Guidelines Manual § 7B1.4(a), p.s. (1998), the court sentenced Mitchell to 24 months' imprisonment and no further period of supervised release. Mitchell now challenges his revocation sentence, and we affirm.

After a thorough review of the record, we reject Mitchell's argument that the district court failed to consider the applicable policy statements in Chapter 7 and the sentencing factors in 18 U.S.C. § 3553(a). We also conclude that the district court did not abuse its discretion in imposing the 24-month prison term. See 18 U.S.C. § 3583(e)(3); United States v. Grimes, 54 F.3d 489, 492 (8th Cir. 1995) (standard of review); United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam) (Chapter 7 Guidelines are advisory and nonbinding; district court may depart from suggested revocation imprisonment range when, in its considered discretion, such departure is warranted).

The judgment is affirmed.

A true copy.

---

[2]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska.

Attest:

CLERK,  U.S.  COURT  OF  APPEALS,  EIGHTH  CIRCUIT.