# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2436

_____

United States of America,

      Appellee,

v.

Calvin James,

      Appellant.

   \*
   \*
   \*   Appeal from the Untied States
   \*   District Court for the
   \*   District of Nebraska.
   \*
   \*   [UNPUBLISHED]
   \*
   \*

_____

Submitted:  November 7, 2001
Filed:  December 4, 2001

_____

Before McMILLIAN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

_____

PER CURIAM.

Calvin James appeals from the district court's[1] order revoking his supervised release in two cases, and imposing concurrent 10-month and 24-month terms of imprisonment.

James argues the court abused its discretion in imposing such a sentence because his violation was a Grade C violation--the least serious--with a recommended imprisonment range of 8-14 months under the Sentencing Guidelines. James further

_____

[1]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

argues the district court failed to consider adequately the Chapter 7 policy statements or the factors set forth in 18 U.S.C. § 3553.

After carefully reviewing the record and the parties' submissions on appeal, we conclude the district court acted within its discretion. The court was not bound to impose a sentence within the 8-to-14-month range recommended under Chapter 7 of the Guidelines. See United States v. Carr, 66 F.3d 981, 983 (8th Cir. 1995) (per curiam) (because Chapter 7 serves nonbinding, advisory role, "district court is free to depart from Chapter 7's suggested sentence when, in its considered discretion, such a departure is warranted"). While 18 U.S.C. § 3583(e) requires the court to consider certain factors in imposing a revocation sentence, the court is not required to make specific findings relating to each of the factors, see United States v. Graves, 914 F.2d 159, 160 (8th Cir. 1990) (per curiam), nor is it required to state on the record that it has considered the factors or to explain its reasons for the sentence imposed, see United States v. Caves, 73 F.3d 823, 825 (8th Cir. 1996) (per curiam). We believe the court adequately weighed the relevant factors, which were brought to its attention by the probation office's report and counsel's arguments at the revocation hearing.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.