UNITED STATES of America,
Plaintiff–Appellee,

v.

Marquis RATCLIFFE, Defendant–
Appellant.

No. 01–6489.

United States Court of Appeals,
Sixth Circuit.

April 30, 2002.

Before DAUGHTREY and MOORE, Circuit Judges; ECONOMUS, District Judge.*

*ORDER*

Marquis Ratcliffe appeals the sentence the district court imposed upon revoking his supervised release. The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In March 2001, Ratcliffe pleaded guilty to one count of making a threatening telephone call in violation of 18 U.S.C.

* The Honorable Peter C. Economus, United States District Judge for the Northern District of Ohio, sitting by designation.

§ 875(c). The district court sentenced Ratcliffe to five months of imprisonment with credit for time served, and six months of home detention, to be followed by three years of supervised release. The district court also imposed special conditions to Ratcliffe's supervised release including conditions that Ratcliffe refrain from the use of any alcohol and that he participate in a mental health and alcohol treatment program as directed by the probation office.

In November 2001, Ratcliffe's probation officer (Robert Mason) petitioned the district court to issue a warrant for Ratcliffe's arrest alleging three violations of Ratcliffe's supervised release. Mason alleged that Ratcliffe failed to notify the probation office of a change of address, failed to attend mental health counseling sessions, and failed to abide by the terms of home detention. The district court granted the petition and issued a warrant for Ratcliffe's arrest. Thereafter, the district court conducted a revocation hearing. At the revocation hearing, Ratcliffe admitted two of the three violations (failure to notify probation office of change of address and failure to abide by terms of home detention). The court heard testimony from the probation officer with regard to the allegation that Ratcliffe failed to attend mental health counseling sessions. In addition, Mason testified about other violations which were not contained in the Supervised Release Violation Report, and for which Ratcliffe claims to have received no notice. At the close of the revocation hearing, the district court concluded that Ratcliffe had committed all three of the alleged supervised release violations and sentenced him to nine months of imprisonment. Ratcliffe appeals the sentence imposed by the district court.

On appeal, Ratcliffe argues that he was denied due process of law because the district court improperly considered un-charged conduct in sentencing him at the high end of his guideline range.

We review a district court's sentence upon revocation of a defendant's supervised release for an abuse of discretion. *United States v. Washington*, 147 F.3d 490, 491 (6th Cir.1998); *United States v. Webb*, 30 F.3d 687, 688 (6th Cir.1994).

Upon review, we conclude that the district court did not abuse its discretion. The district court is free to consider a wide variety of information in setting sentences. *United States v. Wright*, 799 F.2d 423, 426 (8th Cir.1986). The district court does not have unfettered discretion in its sentencing calculus, however. The constitutional protection of due process operates to circumscribe the information the court can consider. *United States v. Stephenson*, 928 F.2d 728, 731–32 (6th Cir.1991). A due process violation is established only if the defendant shows that the district court relied on materially false information and that the information is demonstrably the basis for the challenged sentence. *Wright*, 799 F.2d at 426; *United States v. Perez*, 858 F.2d 1272, 1275 (7th Cir.1988) (citing *United States v. Ibarra*, 737 F.2d 825 (9th Cir.1984)).

In the immediate case, the asserted due process violation lacks factual support. The district court did not rely on materially false information, and the challenged information was not demonstrably the basis for the challenged sentence.

Accordingly, we hereby affirm the district court's judgment.