# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3233

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| Duane Wendall Larson, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  May 26, 2004
Filed:  June 8, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

PER CURIAM.

Duane Larson appeals from the final judgment entered in the District Court[1] for the District of Minnesota denying his motion for a writ of mandamus. For reversal, Larson argues that the district court erred in finding res judicata barred his claim that the government breached its plea agreement with him in a tax-evasion prosecution against him, see Larson v. United States, 835 F.2d 169, 171 (8th Cir. 1987), cert. denied, 486 U.S. 1056 (1988), by later seizing money from two of his bank accounts, see Larson v. United States, 274 F.3d 643, 644 (1st Cir. 2001). Although the

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

government ultimately returned the seized money, <u>see</u> <u>id.</u>, Larson sought "lost imputed interest costs." For the reasons discussed below, we affirm the judgment of the district court.

Specifically, we agree with the district court that Larson's action is barred by res judicata, as his breach-of-contract claim was denied by the Court of Federal Claims, and the First Circuit Court of Appeals found that he was not entitled to recover interest on the seized money. <u>See</u> id. at 645-48; <u>Lundquist v. Rice Mem'l Hosp.</u>, 238 F.3d 975, 977 (8th Cir. 2001) (per curiam) (elements of res judicata). To the extent Larson seeks relief under the Fourth Amendment unrelated to the recovery of lost interest, such relief is not appropriately sought by motion for a writ of mandamus in his criminal tax-evasion case. Finally, we reject Larson's argument that he is entitled to costs and fees, because he is not the prevailing party in this litigation. <u>See</u> 28 U.S.C. § 2412; Fed. R. Civ. P. 54(d).

Accordingly, we affirm the judgment of the district court.

_____