# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2646

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | District of Nebraska. |
| | * | |
| Terri A. Payseno, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: May 6, 2008
Filed: May 12, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Terri Payseno appeals the sentence the district court[1] imposed after revoking her supervised release. The court sentenced her to 23 months in prison to run consecutively to a sentence she was serving in Idaho. For reversal, Payseno argues that her sentence is unreasonable because the court ordered a consecutive sentence and failed to give her credit for time served in federal custody.

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

We conclude that Payseno's 23-month revocation sentence is reasonable, as it is within the statutory maximum and resulted from the district court's consideration of appropriate factors under 18 U.S.C. § 3553(a). See 18 U.S.C. § 3583(e)(3) (upon revoking supervised release, court may require defendant to serve in prison all or part of supervised release term authorized for offense, maximum prison sentence is 2 years if offense underlying supervised release was Class C felony); United States v. Nelson, 453 F.3d 1004, 1006 (8th Cir. 2006) (appellate court reviews revocation sentence to determine whether it is unreasonable in relation to, inter alia, advisory Guidelines range and other § 3553(a) factors). Further, the district court did not abuse its discretion in ordering that Payseno's revocation sentence run consecutively to her Idaho sentence. See U.S.S.G. § 7B1.3(f) ("any term of imprisonment imposed upon revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving"); United States v. Caves, 73 F.3d 823, 824-25 (8th Cir. 1996) (per curiam) (Chapter 7 policy statements are advisory, rather than binding; court did not abuse discretion by imposing consecutive sentence for serious violation of supervised-release conditions). Last, the court properly declined to give Payseno credit for time served in federal custody, because authority to give such credit is left to the Attorney General. See 18 U.S.C. § 3585(b) (defendant shall be given credit toward service of term of imprisonment for any time spent in official detention prior to date sentence commences that has not been credited against another sentence); United States v. Wilson, 503 U.S. 329, 333-37 (1992) (Attorney General computes amount of credit after defendant begins sentence; district court cannot apply § 3585(b) at sentencing).

Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____