UNITED STATES of America, Appellee,

v.

Larry GRAVES, a/k/a Larry Grayes, Appellant.

No. 90–1492.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1990.

Decided Sept. 19, 1990.

James C. Delworth, St. Louis, Mo., for appellant.

John E. Hall, St. Louis, Mo., for appellee.

Before FAGG and BEAM, Circuit Judges, and WOODS,* District Judge.

* The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

PER CURIAM.

Larry Graves appeals from the judgment of the district court[1] imposing an 18–month term of imprisonment upon revocation of his supervised release. Graves contends that the district court erred in failing to consider the factors for sentencing set out in 18 U.S.C. §§ 3553 and 3583 and by inappropriately applying a statutory provision requiring a minimum sentence of one-third the term of supervised release for defendants found in possession of a controlled substance. Graves also contends that the 18–month sentence is unreasonable under the facts of the case. We affirm.

Larry Graves pled guilty to one count of unlawfully possessing stolen mail, in violation of 18 U.S.C. § 1708. The district court imposed a 15–month term of imprisonment to be followed by a two-year term of supervised release. The court required, as one of the conditions of supervised release, that the defendant participate in an approved substance abuse program which could include testing for illegal drug use.

Graves was released from prison in August 1989 and was assigned to a drug abuse program in October 1989. Between October 1989 and January 1990, Graves failed to report for scheduled drug testing and counseling at the drug abuse center on eight occasions.

There is no dispute that Graves missed scheduled drug tests in violation of the condition of his supervised release. In fact, at the revocation hearing, he admitted reporting to his probation officer in January 1990 that he was again using drugs. After finding that Graves had violated a condition of supervised release, the district court sentenced Graves to an 18–month prison term.

■ Graves first contends that the district court failed to consider the factors set out in 18 U.S.C. § 3553(a) in imposing sentence.[2] To the contrary, the court specifically mentioned several of the factors: the nature of the violation, general deterrence to criminal conduct, protection of the public from further crimes of the defendant and the defendant's educational background and criminal history. More to the point, there is no requirement that the district court make specific findings relating to each of the factors considered.

■ Graves next contends that the district court improperly applied § 3583(g)[3] in his sentencing without Graves having received notice, as required by the Federal Rules of Criminal Procedure, of the allegation of possession of a controlled substance while on supervised release. Had the district court applied § 3583(g), the minimum sentence would have been eight months (one-third of the twenty-four month term of supervised release).

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. 18 U.S.C. § 3583(e) states that only certain provisions of § 3553 are to be considered in a supervised released revocation sentencing: (a)(1) ("the nature and circumstances of the offense and the history and characteristics of the defendant"); (a)(2)(B) ("the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"); (a)(2)(C) ("the need for the sentence imposed . . . to protect the public from further crimes of the defendant"); (a)(2)(D) ("the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"); (a)(4) ("the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of the defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) that is in effect on the date the defendant is sentenced"); (a)(5) ("any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced"); and (a)(6) ("the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").

3. 18 U.S.C. § 3583(g) provides:

Possession of controlled substances.—If the defendant is found by the court to be in the possession of a controlled substance the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.

It is unclear from the record whether the district court applied § 3583(g) in imposing the sentence. In any event, it is not necessary for this court to reach either the question of whether Graves' admission of drug use (thus possession) in the revocation hearing constituted a waiver of the notice requirements of Fed.R.Crim.P. 32.1(a)(2)(A) or whether the district court properly determined the minimum sentence to be imposed as eight months.

Imposition of the 18–month sentence falls squarely within the discretion of the district court. Section 3583(e)(3) authorizes the district court to "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision, if it finds by a preponderance of the evidence that the person violated a condition of supervised release...." Graves was serving a two-year term of supervised release. He admittedly failed to abide by a condition of his supervised release. He was sentenced to less than the two-year maximum penalty.

■ When the district court imposes a sentence within the statutory limits, this court will not disturb that sentence absent an abuse of discretion. *United States v. Amahia*, 825 F.2d 177 (8th Cir.1987); *United States v. Wright*, 799 F.2d 423 (8th Cir.1986); *Castaldi v. United States*, 783 F.2d 119 (8th Cir.), *cert. denied*, 476 U.S. 1172, 106 S.Ct. 2897, 90 L.Ed.2d 983 (1986). We cannot say that the district court abused its discretion in any way in the imposition of sentence in this case.

Accordingly, the judgment of the district court is affirmed.