978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
John Joseph BLAKE, Appellant.
 No. 92-1787.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 6, 1992.
Filed: October 27, 1992.
 
 Before MAGILL, Circuit Judge, LAY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 John Joseph Blake appeals the twenty-four-month sentence imposed by the district court[1] following revocation of his supervised release. We affirm.
 
 
 2
 Blake pleaded guilty to escaping from federal custody and was sentenced to thirty months in prison followed by three years of supervised release. On October 11, 1991, Blake began his supervised release term. The government subsequently filed a petition to revoke Blake's supervised release in which it alleged that Blake violated a number of the conditions of his release. At the preliminary revocation hearing, Blake admitted that he had: failed to notify his probation officer of a change in residence within seventy-two hours; left the judicial district without the court's permission; possessed cocaine (one gram); and had associated with a convicted felon. The government dropped two additional alleged violations.
 
 
 3
 At the revocation hearing, Blake argued that under U.S.S.G. § 7B1.4, p.s., his sentencing range was six to twelve months (criminal history category IV combined with Grade C violations), and asked for a sentence at the low end of the range. The government asked the court to impose a sentence of three years-the full term of Blake's supervised release-citing Blake's extensive criminal history, his commission of an offense involving possession of a controlled substance, and his possession of $4000 at the time of arrest. The district court initially imposed a three-year sentence based on Blake's criminal history, his failure to accept fully the responsibility for his actions, and his involvement in criminal activities during his supervised release. Blake's attorney then correctly pointed out that the court was not authorized to impose a sentence of more than two years under 18 U.S.C. § 3583(e)(3) because Blake had originally been convicted of escape.[2] He also pointed out that in the original notice, the probation officer had stated that "an imprisonment term of up to two years may be imposed." The court then sentenced Blake to twenty-four months.
 
 
 4
 On appeal, Blake contends that the district court erred by failing to (1) consider the applicable sentencing range provided by section 7B1.4; (2) impose a sentence within the six to twelvemonth range established by section 7B1.4; (3) give advance notice of its intent to impose a sentence outside the applicable range as required by Burns v. United States, 111 S. Ct. 2182 (1991); and (4) state in open court its reasons for imposing the twenty-four-month sentence as required by 18 U.S.C. § 3553(c).
 
 
 5
 Blake's first two arguments are foreclosed by United States v. Jones, No. 92-1021 (8th Cir. Aug. 11, 1992). There, we stated that such arguments revealed "a basic misunderstanding of the role the Chapter 7 policy statements fill. The introduction to Chapter 7 clearly reflects that the Sentencing Commission intended the Chapter 7 policy statements to be merely advisory." Id. at 4. We also determined that the advisory nature of the Chapter 7 policy statements distinguishes them from U.S.S.G. § 5K1.1, p.s., which this court held to be binding in United States v. Kelley, 956 F.2d 748 (8th Cir. 1992) (en banc). Jones, slip op. at 4 n.3. We therefore concluded, "[b]ecause the Chapter 7 policy statements are not binding, the [district] court is not required to make the explicit detailed findings required when it departs upward from a binding guideline.... Rather, the court is only required to 'consider[ ]' the policy statements." Id. at 4-5 (citations omitted). Here, the district court did not err because the record indicates that it considered the policy statements, determined that the six to twelve-month range was insufficient, and explained why it imposed the twenty-four-month sentence.
 
 
 6
 We decline to address Blake's claim that the district court erred by failing to give him advance notice of its intent to impose a sentence greater than the six to twelve-month range, because it was not raised in the district court and the failure does not amount to plain error. See United States v. Ragan, 952 F.2d 1049, 1049-50 (8th Cir. 1992) (per curiam). Finally, Blake's claim that the district court violated 18 U.S.C. § 3553(c) by failing to state in open court the reasons for imposing the twenty-four-month sentence is contradicted by the record. Moreover, as the government points out, section 3583(e) does not require the court to apply section 3553(c) upon sentencing following a revocation of supervised release. Cf. Jones, slip op. at 5 (section 3583 does not require court to consider section 3553(b)); United States v. Graves, 914 F.2d 159, 160 n.2 (8th Cir. 1990) (per curiam).
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Robert G. Renner, United States District Judge for the District of Minnesota
 
 
 [2]
 Section 3583(e)(3) limits a court's sentencing authority upon revocation to two years if the offense for which the defendant was convicted was a "Class C or D felony." Blake's escape conviction was a Class D felony because the statute under which he was convicted, 18 U.S.C. § 751(a), provides for a maximum term of five years and does not classify the offense. See 18 U.S.C. § 3559(a)(4)