48 F.3d 1220
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Tommy Lee BROWN, Jr., Defendant-Appellant.
 No. 94-3494.
 United States Court of Appeals, Sixth Circuit.
 March 8, 1995.
 
 Before: KEITH and NELSON Circuit Judges, and HORTON, District Judge.*
 PER CURIAM:
 
 
 1
 Defendant-Appellant, Tommy Lee Brown, Jr. ("Brown"), appeals an Order of the United States District Court for the Southern District of Ohio revoking his supervised release and sentencing him to twelve months imprisonment. For the following reasons, we Affirm the revocation of Brown's supervised release.
 
 I. STATEMENT OF THE CASE
 
 2
 On November 6, 1992, Brown pled guilty to three counts of possession of stolen mail in violation of 18 U.S.C. Sec. 1708. On February 19, 1993, he was sentenced to three months imprisonment, two years supervised release, a $1,000 fine and a $150 assessment.
 
 
 3
 Appellant violated the terms of his supervised release by possessing and using illegal narcotics, i.e. cocaine. On June 24, 1993, August 11, 1993 and September 7, 1993, Brown submitted urine specimens to the U.S. Probation Office which tested positive for cocaine. Subsequent to this revelation, the district court ordered Brown to participate in an inpatient substance abuse treatment program and to complete 120 days in a halfway house. After completion of his inpatient stay, Brown entered the Talbert House, a halfway house for men in Cincinnati, Ohio.
 
 
 4
 On October 26, 1993, the district court, with Brown's agreement, modified the conditions of his supervised release. Brown was ordered to participate in an inpatient substance abuse treatment program and to complete 120 days in a halfway house directly after completion of the inpatient program.
 
 
 5
 On January 3, 1994, Brown was terminated from the Talbert House for violation of program rules. On that same day, Brown reported to the U.S. Probation Office and submitted a urine specimen which he admitted was tainted by his recent cocaine use.
 
 
 6
 On January 13, 1994, the district court, upon application of the U.S. Probation Officer, issued a warrant for Brown's arrest for violation of the conditions of his supervised release. Specifically, the violations included his termination from the Talbert House for cocaine use, tainted urine specimens on three occasions in 1993, and the tainted urine specimen submitted January 3, 1994. Brown also failed to pay the fine as directed.
 
 
 7
 On April 18, 1994, the district court held a hearing on the supervised release violations. At that hearing, Brown, through his counsel, stated that he was not contesting the facts of the violations. The district court then found that Brown had violated the conditions of his supervised release. The court found that the violations constituted Grade C violations which, pursuant to the Sentencing Guidelines, allowed for the revocation of Brown's supervised release and the imposition of up to twenty-four months imprisonment. See USSG Sec. 7B1.1(a). The court found that Brown's sentencing range was eight to fourteen months. Prior to the imposition of sentence the court heard from Brown and his counsel in mitigation of sentence. They provided the court with information regarding Brown's recurring drug problem and his desire to obtain treatment, his lack of family support and his good employment record. Based on the information presented at the hearing and pursuant to 18 U.S.C. Sec. 3565(a), the court revoked Brown's supervised release and sentenced him to a term of twelve months imprisonment.
 
 
 8
 On April 18, 1994, Brown filed his notice of appeal.
 
 II. DISCUSSION
 
 9
 A district court's decision to revoke a defendant's supervised release is reviewed by this Court for an abuse of discretion. United States v. Stephenson, 928 F.2d 728, 731 (6th Cir.1991).
 
 
 10
 The Sentencing Guidelines state "[r]evocation of ... supervised release generally is the appropriate disposition in the case of a Grade C violation by a defendant who, having been continued on supervision after a finding of violation, again violates the conditions of his supervision." USSG Sec. 7B1.3, comment. (n.1). Although Brown was not formally charged with violation of his supervised release for the three tainted specimens in 1993, he was subject to modified conditions of release which took into account his transgressions. The terms of Browns release were modified to include mandatory participation in a drug treatment program followed by 120 days in a halfway house. During the period of modified supervised release, Brown again violated the terms of his release.
 
 
 11
 The district court's revocation of supervised release is proper pursuant to 18 U.S.C. Sec. 3583(e),[2] after considering factors set forth in 18 U.S.C. Sec. 3553(a)[3]. Although the Order issued by the district court was mistakenly issued pursuant to 18 U.S.C. Sec. 3565(a), that section requires the court to rely on the same factors required by Sec. 3583(e), as set forth in Sec. 3553(a). There is no evidence the court failed to consider those factors. Further, there is no requirement the district court make specific findings relating to its consideration of those factors. See United States v. Graves, 914 F.2d 159, 160 (8th Cir.1990).
 
 III. CONCLUSION
 
 12
 In light of the district court's obvious reliance on the correct criteria required to revoke Brown's supervised release, the Order of the Honorable Herman J. Webber, United States District Judge for the Southern District of Ohio, is AFFIRMED.
 
 
 
 *
 The Honorable Odell Horton, United States District Judge for the Western District of Tennessee, sitting by designation
 
 
 [2]
 18 U.S.C. Sec. 3583(e) states in pertinent part:
 The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5) and (a)(6)-- ...
 (3) revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release ..., if it finds by a preponderance of the evidence that the person violated a condition of supervised release....
 
 
 [3]
 18 U.S.C. Sec. 3553(a) states in pertinent part:
 Factors to be considered in imposing a sentence.... The court, in determining the particular sentence to be imposed, shall consider--
 (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
 (2) the need for the sentence imposed--
 (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment of the offense;
 (B) to afford adequate deterrence to criminal conduct;
 (C) to protect the public from further crimes of the defendant; and
 (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner ...
 (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines that are issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(1) and that are in effect on the date the defendant is sentenced; (5) any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2) that is in effect on the date the defendant is sentenced; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; ....