# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1182WM

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Michael E. Genetten, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 16, 1998
Filed: July 17, 1998

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

In 1992, Michael E. Genetten pleaded guilty to conspiring to distribute cocaine, and on the government's motion for a substantial assistance sentencing reduction, Genetten was sentenced to five years probation. In 1996, the government moved to revoke Genetten's probation because he had been convicted of and sentenced for the second-degree murder of an infant in his care. After a hearing, the district court revoked Genetten's probation and sentenced him to 57 months imprisonment. Genetten contends the district court improperly relied on the circumstances and seriousness of the probation violation in choosing Genetten's sentence without giving full consideration to the sentencing factors in 18 U.S.C. § 3553(a). We disagree.

When a district court finds a defendant has violated a condition of probation, the court may revoke probation and "impose any other sentence that initially could have been imposed." See 18 U.S.C. § 3565(a)(2); U.S. Sentencing Guidelines Manual Ch. 7, Pt.A, intro. 2(a), § 7B1.3(a)(1), p.s. (1997); United States v. Iverson, 90 F.3d 1340, 1345 (8th Cir. 1996). In determining an appropriate revocation sentence, a district court should consider the factors listed in section 3553(a), see 18 U.S.C. § 3565(a), but it need not make specific findings relating to every factor it considers, see United States v. Graves, 914 F.2d 159, 160 (8th Cir. 1990) (per curiam). We thus conclude Genetten's argument is meritless and affirm his sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-