# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4092

_____

United States of America,            *
                                   *

        Plaintiff - Appellee    *
                                   *   Appeal from the United States

      v.                     *   District Court for the
                                   *   Northern District of Iowa.

Shawn A. Hungate,           *

                                   *   [UNPUBLISHED]

        Defendant - Appellant.   *

_____

Submitted: June 20, 2005
Filed: June 24, 2005

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Shawn Allan Hungate pled guilty to possession of a firearm by a prohibited person and to mailing threatening communications. He was sentenced to 94 months imprisonment and 36 months of supervised release. While Hungate was on supervised release he was charged with violating its conditions by failing to report for urinalysis tests on eight occasions, testing positive for cocaine use, testing positive for methamphetamine use four times, admitting to methamphetamine use, failing to submit timely monthly reports for four months, and failing to abide by the rules and regulations of a Community Corrections Center.

The district court[1]found that Hungate had violated the conditions of his release in respect to all the allegations except for those relating to the regulations of the Community Corrections Center, and it revoked his release. After considering all the factors in 18 U.S.C. Section 3553(a) and noting that a longer sentence would allow Hungate to enter a 500 hour residential drug treatment program, the district court sentenced Hungate to 18 months imprisonment and 12 months supervised release. Hungate appeals.

Hungate argues the district court abused its discretion by imposing a longer sentence than the 8-14 month range recommended in USSG § 7B1.4(a), p.s. without a written statement of its rationale. The failure to provide written reasons in release revocation cases does not require reversal. See United States v. White Face, 383 F.3d 733 (8th Cir. 2004). The district court need not "make specific findings relating to each of the factors considered." United States v. Graves, 914 F.2d 159, 160 (8th Cir. 1990). Here, it explicitly stated it had considered all the factors at 18 U.S.C. § 3553(a) before imposing the sentence, and we conclude that the sentence was not unreasonable.

Hungate also argues he never agreed to enter a treatment program so his sentence should not have been based on the need to allow time for a 500 hour residential drug treatment program. Regardless of whether there was any evidence that the defendant intended to utilize the treatment facilities, it was not unreasonable for the district court to consider the availability of treatment as a factor. See 18 U.S.C. § 3553(a)(2)(D).

Hungate's final objection is that the court erred in failing to give him credit for time already served in home detention and a residential facility for some of the acts

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

which led to the revocation. The defendant argues that the 18 month sentence imposed would exceed the statutory maximum of 24 months if his 30 days in home detention for testing positive for cocaine and his 6 months in a residential facility for testing positive for methamphetamine were added to it. Credit for time already served need not be credited in the new sentence, however, regardless of whether it was served as home confinement or in treatment. <u>See</u> USSG § 7B1.5(b), p.s. ("Upon revocation of supervised release, no credit shall be given [toward any term of imprisonment ordered] for time previously served on post-release supervision"); <u>United States v. Iverson</u>, 90 F.3d 1340, 1345 (8th Cir. 1996).

The district court considered all the relevant facts and circumstances of this case, and we conclude that the sentence imposed was not unreasonable. <u>See</u> <u>United States v. Booker</u>, 125 S. Ct. 738, 765 (2005). The judgment is affirmed.

_____