# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-1679

_____

United States of America

*Plaintiff - Appellee*

v.

Mark Randy Oxley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - St. Joseph

_____

Submitted: September 18, 2012
Filed: September 24, 2012
[Unpublished]

_____

Before WOLLMAN, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

After Mark Randy Oxley violated the terms of his supervised release, the district court[1] imposed the maximum sentence available: thirty-six months'

---

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

imprisonment and twenty-four months' supervised release. Oxley challenges the sentence. We affirm.

In November 2004, Oxley pleaded guilty to one count of enticing a minor for sex, in violation of 18 U.S.C. § 2422(b). He was sentenced to sixty months in prison and sixty months of supervised release. The special conditions to his release prohibited Oxley from possessing a computer with Internet access without the prior approval of his probation officer and from possessing "any matter that is pornographic or that depicts or alludes to sexual activity or depicts minors under the age of 18." He was also required to participate in sex offender counseling. Oxley began serving his initial term of supervised release in July 2009. He thereafter violated the conditions of his release twice, ultimately having his supervised release term revoked and beginning a new five-year term of supervised release in August 2011.

In December 2011, a probation officer found an iPod Touch in Oxley's car. The device constituted a computer that could access the Internet, and Oxley did not have permission to possess it. Further investigation revealed that the device had been used to visit a pornographic website and to access child pornographic stories. Oxley's actions caused him to fall into poor standing in his sex offender treatment program. After the probation officer submitted a violation report to the district court, Oxley was ordered to show cause and later stipulated that he had violated the terms of his supervised release.

During Oxley's revocation hearing, the district court calculated an advisory Guidelines range sentence of three to nine months' imprisonment and recognized that Oxley could be sentenced to no more than thirty-six months' imprisonment and sixty months' supervised release, less any term of imprisonment. See 18 U.S.C. § 3583; U.S. Sentencing Guidelines Manual § 7B1.4. The parties and the probation office

jointly recommended a twelve-month term of imprisonment, to be followed by forty-eight months of supervised release.

While addressing the court, Oxley admitted that he had violated the conditions set forth above, but maintained that he had not accessed pornographic sites with his iPod Touch. When asked who did so, Oxley replied, "I'm assuming it was my son because when I went to the halfway house I gave the device to him." The district court admitted into evidence an exhibit that listed the sites accessed by Oxley's iPod Touch and also attached four pages of one of the stories, which narrated the character's sexual activities with minors, including the character's daughter. The district court then imposed the above-described sentence.

Oxley appeals from his sentence, arguing that the district court failed to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) and imposed an unreasonable sentence. We review a revocation sentence under the same "deferential abuse-of-discretion" standard we apply to initial sentencing proceedings, considering both "the procedural soundness of the district court's decision and the substantive reasonableness of the sentence imposed." United States v. Thunder, 553 F.3d 605, 607 (8th Cir. 2009) (quoting United States v. Merrival, 521 F.3d 889, 890 (8th Cir. 2008)).

We find no procedural error in the district court's imposition of sentence. Although the district court must consider the factors set forth in § 3553(a), "there is no requirement that the district court make specific findings relating to each of the factors considered." United States v. Franklin, 397 F.3d 604, 606 (8th Cir. 2005) (quoting United States v. Graves, 914 F.2d 159, 160 (8th Cir. 1990) (per curiam)). Moreover, we have consistently held that a district court need not "mechanically recite the § 3553(a) factors when, as here, it is clear from the record that the court properly considered those factors." United States v. McKanry, 628 F.3d 1010, 1021 (8th Cir. 2011) (quoting United States v. Lazarski, 560 F.3d 731, 733 (8th Cir.

2009)). During the revocation hearing, the district court inquired about Oxley's employment, family status, child support payments, and participation in treatment. Oxley asked the court to consider that his violations did not involve illegal conduct and that he had maintained a job, supported his family, and attended counseling. Although the district court mentioned only two of the enumerated sentencing factors—the need to afford adequate deterrence and to protect the public—the record shows that the court considered other factors, as well as Oxley's request for leniency. The district court thus gave appropriate consideration to the sentencing factors.

Although the sentence is greater than the advisory Guidelines sentence and the sentence proposed by the parties, we conclude that it is not substantively unreasonable. The district court sufficiently explained its reasoning for the variance and imposed a sentence within the statutory limits. The court found unbelievable Oxley's explanation that his son accessed the prohibited sites and found troubling that Oxley's violation was similar to his offense conduct, stating:

> Believing as I do, that it was not your son, I conclude that it was you. And for you to stand here this morning and deny that you have continued the kind of activity that got you in trouble in the first place causes me to believe that you simply are not amenable to supervision.

Moreover, Oxley's repeated violations of the conditions of supervised release had demonstrated that he was not amenable to supervision, despite his arguments to the contrary. It was thus within the district court's discretion to conclude that a thirty-six-month sentence was necessary to deter Oxley from future criminal conduct and to protect the public. See United States v. Growden, 663 F.3d 982, 984-85 (8th Cir. 2011) (per curiam) (holding that the district court did not abuse its discretion in imposing an above-Guidelines-range revocation sentence).

The sentence is affirmed.

_____